TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section, Civil Division
ALARICE M. MEDRANO (Cal. Bar No. 166730)
Assistant United States Attorneys
        Federal Building, Suite 7516
        300 North Los Angeles Street
        Los Angeles, California 90012
        Telephone: (213) 894-0460
        Facsimile: (213) 894-7819
        E-mail: Alarice.Medrano@usdoj.gov

Attorneys for Defendant, Chad F. Wolf
Secretary, United States Department of Homeland Security

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NATHANIEL HAMPTON, <br><br> Plaintiff, <br><br> v. <br><br> CHAD F. WOLF, ACTING SECRETARY, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, <br><br> Defendant. | No. CV 19-10700 CBM (MAAx) <br><br> [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER RE: SENSITIVE SECURITY INFORMATION (SSI) <br><br> [Discovery Document: Referred to Magistrate Judge Maria A. Audero] |

**1.     PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of Sensitive Security Information ("SSI") as defined by 49 C.F.R. Part 1520, such as screening operations information and screening metrics for the Transportation Security Administration ("TSA") at the Los Angeles International Airport. Accordingly, in order to permit the parties to have access to and use such information for purposes of this litigation without

undermining legitimate security concerns, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Stipulated Protective Order shall hereafter govern the use, handling, and disposition of information, testimony or documents obtained during discovery in the above captioned matter ("the Litigation"), which constitutes Sensitive Security Information ("SSI") as defined by 49 C.F.R. Part 1520. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the information that is entitled to the protections afforded by 49 U.S.C. § 114(r) and 49 C.F.R. Part 1520. The parties further acknowledge, as set forth in Section 9.3 below, that this Stipulated Protective Order does not entitle them to file SSI under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. Discovery in this action is likely to involve production of Sensitive Security Information ("SSI") as defined by 49 C.F.R. Part 1520, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted.

2. **GOOD CAUSE STATEMENT**

This action is likely to involve Sensitive Security Information ("SSI") as defined by 49 C.F.R. Part 1520, such as screening operations and metrics for the Transportation Security Administration ("TSA") at the Los Angeles International Airport.. The disclosure of the SSI in question by definition would be "detrimental to the security of transportation," 49 C.F.R. § 1520.5(a)(3), and therefore cause substantial harm to public safety. If unauthorized individuals were able to discover information about how TSA conducts its screening operations, they might be able to evade TSA's security operations and engage in acts of terrorism. Therefore, this protective order is necessary to allow the parties to exchange relevant documents and information in accordance with federal law and national security without the undue burden and expense of additional protective

measures. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect SSI, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. Information will not be designated as SSI to conceal a violation of law, inefficiency, or administrative error; to prevent embarrassment to a person, organization, or agency; to restrain competition; or to prevent or delay the release of information that does not require protection in the interest of transportation security, including basic scientific research information not clearly related to transportation security. TSA will only designate information as SSI consistent with 49 C.F.R. Part 1520.

3. **DEFINITIONS**

   3.1. Action: This pending federal lawsuit.

   3.2. "Covered persons": persons who have an express duty to protect against the unauthorized disclosure of SSI. 49 C.F.R. § 1520.9.

   3.3. Discovery Material: material encompassed in this Protective Order that includes, without limitation, deposition testimony, deposition exhibits, interrogatory responses, admissions, affidavits, declarations, documents produced pursuant to compulsory process or voluntarily in lieu of process, and any other documents or information produced or given to one party by another party or by a third party in connection with discovery in this matter. Information taken from Discovery Material that reveals its substance shall also be considered Discovery Material.

   3.4. Party: Any party to this Action.

   3.5. Sensitive Security Information or SSI: a specific category of information that requires protection against unauthorized disclosure pursuant to 49 U.S.C. § 114(r) and 49 C.F.R. Part 1520.

3.6. <u>TSA</u>:  Designates information as SSI.  TSA's SSI determinations are subject to exclusive review in a court of appeals pursuant to <u>49 U.S.C. § 46110</u>. *See, e.g., Elec. Privacy Info. Ctr. v. DHS*, <u>928 F. Supp. 2d 139, 146</u>-47 (D.D.C. 2013) ("[D]istrict courts may not review TSA orders that designate material as sensitive security information."); *Shqeirat v. U.S. Airways Group, Inc.*, No. 07-1513, <u>2008 WL 4232018</u>, at *2 (D. Minn. Sept. 9, 2008) ("District Courts are without jurisdiction to entertain challenges to the TSA's decisions regarding disclosure of SSI."); *In re September 11 Litigation*, <u>236 F.R.D. 164, 174-75</u> (S.D.N.Y. 2006); *Chowdhury v. Northwest Airlines Corp.*, <u>226 F.R.D. 608, 614</u> (N.D. Cal. 2004).

4. **SCOPE**

Information taken from Discovery Material that reveals its substance shall also be considered Discovery Material.

5. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect unless TSA agrees otherwise in writing.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

6. **DESIGNATING SSI**

6.1. <u>Exercise of Restraint and Care in Designating SSI</u>.

TSA shall only designate information as SSI as provided for by 49 C.F.R. Part 1520.

6.2. <u>Manner and Timing of Designations</u>.

(a) All documents subject to this Protective Order shall be marked as

4

follows: "Confidential: Subject to SSI Protective Order in *Nathaniel Hampton v. Chad Wolf*, CV 19-10700 CBM (MAAx)."

(b)   Deposition testimony that may contain SSI should be so designated by verbal notice or written notice within 10 days of receipt of the transcript. However, testimony containing SSI that is not designated, through mistake, nonetheless must be safeguarded against unauthorized disclosure.

6.3.   <u>Inadvertent Failure to Designate</u>.

Documents containing SSI that inadvertently have not been marked as SSI still must be safeguarded against unauthorized disclosure.

7. **CHALLENGING SSI DESIGNATIONS**

7.1.   <u>Timing of Challenges</u>.

Plaintiff may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order, provided, however, that Plaintiff's challenge is consistent with the 60-day limitation provided for by <u>49 U.S.C. § 46110</u>, which governs judicial review of challenges to TSA's SSI designations. *See MacLean v. DHS*, <u>543 F.3d 1145, 1149</u> (9th Cir. 2008)

7.2.   <u>Meet and Confer and Judicial Review</u>.

Plaintiff shall initiate the dispute resolution process, which shall comply with Local Rule 37.1 *et seq*., and with Section 4 of Judge Audero's Procedures ("Mandatory Telephonic Conference for Discovery Disputes").[1]

If the parties are unable to reach a resolution, TSA may issue a final order

---

[1] Judge Audero's Procedures are available at https://www.cacd.uscourts.gov/honorable-maria-audero. Judge Audero's requirements (para. 4) in part provide for communications with Judge Audero's chambers regarding a discovery dispute, including emailing chambers and if appropriate after a telephonic conference, a discovery motion. The parties are relieved from these obligations, in light of the district court's lack of jurisdiction to review TSA's SSI designations as further explained in Section 7.2. Plaintiff must still engage in at least two attempts to resolve the dispute without Court involvement consistent with the pre-filing conference of counsel required by Local Civil Rule 37-1.

regarding the SSI, as appropriate, and if issued, Plaintiff may file a Petition for Review in an appropriate U.S. Court of Appeals within the timeframe set forth in 49 U.S.C. § 46110. *See Elec. Privacy Info. Ctr. v. DHS*, 928 F. Supp. 2d 139, 146-47 (D.D.C. 2013) ("[D]istrict courts may not review TSA orders that designate material as sensitive security information."); *Shqeirat v. U.S. Airways Group, Inc.*, No. 07-1513, 2008 WL 4232018, at *2 (D. Minn. Sept. 9, 2008) ("District Courts are without jurisdiction to entertain challenges to the TSA's decisions regarding disclosure of SSI."); *In re September 11 Litigation*, 236 F.R.D. 164, 174-75 (S.D.N.Y. 2006); *Chowdhury v. Northwest Airlines Corp.*, 226 F.R.D. 608, 614 (N.D. Cal. 2004).

8. **ACCESS TO AND USE OF PROTECTED MATERIALS**

    8.1. Basic Principles.

    Plaintiff and Plaintiff's counsel may use SSI disclosed to them in the course of litigating the above-captioned action ("Litigation") only for the purpose of plaintiff in the Litigation and not any other purpose. SSI may not be further disseminated except as described herein, including to a jury, except with written permission from TSA. SSI may be disclosed only to "covered persons" with a "need to know" under the conditions described in this Stipulated Protective Order. When the Action reaches a final disposition, Plaintiff and Plaintiff's counsel must comply with the provisions of Section 10 below.

    8.2. Disclosure of SSI.

    (a) Access to SSI is limited to "covered persons" with a "need to know" as set forth in 49 C.F.R. § 1520.7 and § 1520.11. Because the parties, their attorneys, the Court and its employees may be "covered persons" with a "need to know" some or all of the SSI relevant to this case, this order permits the sharing through discovery in this civil action of relevant

6

        information and materials that are marked as SSI or may contain SSI, provided that Plaintiff had access to such information during his employment with TSA. The right of access to discovery materials marked as SSI or containing SSI shall be limited to the Court and its employees, Plaintiff, and counsel for the parties, paralegal, secretarial and clerical personnel in their employ. Court reporters retained by the parties for purposes of recording depositions and who have signed a TSA-approved Non-Disclosure Agreement may also have access to SSI.

        (b)   Documents that contain SSI may not be further disseminated to persons without a "need to know" except with written permission from TSA. SSI must not be disclosed by either party to any person or entity other than those enumerated in section 7.2(a).

    8.3    <u>Safeguarding SSI</u>.

        SSI must be safeguarded in such a way that it is not physically or visually accessible to persons who do not have a "need to know," as defined in <u>49 C.F.R. § 1520.11</u>. When unattended, SSI must be secured in a locked container or office, or other restricted access area.

**9.**    **<u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

    If a "covered person" learns that, by inadvertence or otherwise, it has disclosed SSI to any person or in any circumstance not authorized under this Stipulated Protective Order, the covered person immediately must (1) notify in writing TSA of the unauthorized disclosure(s), (2) use its best efforts to retrieve all unauthorized copies of the SSI. Unauthorized disclosure of SSI may be detrimental to the security of transportation, may constitute an unwarranted invasion of personal privacy, or may reveal a trade secret or privileged or confidential commercial or financial information. Unauthorized disclosure may also result in a civil enforcement penalty or other enforcement action by TSA against the party making the unauthorized disclosure. <u>49 C.F.R. § 1520.17</u>.

**10.  MISCELLANEOUS**

    10.1.  <u>Right to Further Relief</u>.

          Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

    10.2.  <u>Right to Assert Other Objections</u>.

          This Protective Order is without prejudice to the rights of any party to make any objection to discovery or use of SSI, or documents that may contain SSI, permitted by the Federal Rules of Civil Procedure, or any statute, regulation, or other authority.

    10.3.  <u>Filing SSI Under Seal</u>.

          Documents that are marked SSI or, though not marked, contain SSI, shall be treated as confidential and shall not be published or made available to the general public in any form (whether in paper or electronic form), but instead shall be filed under seal.  Material filed under seal will be available only to the persons enumerated in Section 7.2(a).  A Party that seeks to file under seal any SSI must comply with Local Rule 79-5.  SSI may only be filed under seal pursuant to a court order authorizing the sealing of the specific SSI at issue.

    10.4  <u>Disclosure to Court Personnel</u>.

          Nothing in this Protective Order shall preclude any disclosure of documents subject to this Order to any Judge, Magistrate, or employee of the Court for purposes of this action.

    10.5  <u>Disclosure of SSI at Hearings or Trial</u>.

          All hearings, or portions thereof, in which SSI may be disclosed, always shall be closed to the public. If there is a possibility that SSI may be disclosed at trial, the courtroom shall be closed to the public.

\\\
\\\

**11.   FINAL DISPOSITION**

All documents subject to this Protective Order in the possession of Plaintiff or Plaintiff's counsel shall be returned to TSA within 60 days of termination of this action, including any appellate proceedings, or shall be certified in writing to TSA to have been destroyed by Plaintiff or Plaintiff's counsel in accordance with TSA's requirements for the destruction of documents containing SSI.

**12.   VIOLATION**

Any violation of this Stipulated Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  January 11, 2021        /s/ Edward J. Blum
                                _____
                                EDWARD J. BLUM
                                Attorney for Plaintiff,
                                Nathaniel Hampton


Dated:  January 11, 2021        TRACY L. WILKISON
                                Acting United States Attorney
                                DAVID M. HARRIS
                                Assistant United States Attorney
                                Chief, Civil Division
                                JOANNE S. OSINOFF
                                Assistant United States Attorney
                                Chief, General Civil Section, Civil Division

                                /s/ Alarice M. Medrano
                                _____
                                ALARICE M. MEDRANO
                                Assistant United States Attorney

                                Attorneys for Defendant, Chad Wolf, Acting
                                Secretary, United States Department of
                                Homeland Security

1 **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

3 DATED:  January 12, 2021

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE