TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section, Civil Division
ALARICE M. MEDRANO (Cal. Bar No. 166730)
Assistant United States Attorneys
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-0460
    Facsimile: (213) 894-7819
    E-mail: Alarice.Medrano@usdoj.gov

Attorneys for Defendant, Chad F. Wolf
Secretary, United States Department of Homeland Security

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NATHANIEL HAMPTON,<br><br>    Plaintiff,<br><br>    v.<br><br>CHAD F. WOLF, ACTING SECRETARY, UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendant. | No. CV 19-10700 CBM (MAAx)<br><br>[~~PROPOSED~~]<br>STIPULATED PRIVACY ACT PROTECTIVE ORDER<br><br>[Discovery Document: Referred to Magistrate Judge Maria A. Audero] |

**1.**     **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of employee disciplinary histories, and other personal information that is subject to the provision of the Privacy Act of 1974, 5 U.S.C. § 552a. The Privacy Act of 1974 protects "any item, collection, or grouping of information about an individual that is maintained by an agency." 5 U.S.C. § 552a(a)(4). Accordingly, in order to permit the parties to have access to and use such

1

information for purposes of this litigation without undermining legitimate privacy concerns, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information that is entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 9.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.  Discovery in this action is likely to involve production of employee disciplinary histories, and other personal information that is subject to the provision of the Privacy Act of 1974, 5 U.S.C. § 552a for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted.

2. **GOOD CAUSE STATEMENT**

Good cause exists for the entry of this protective order, because unprotected disclosure of non-party employee disciplinary histories and other personal information would be an undue burden on Defendant and could result in unnecessary harm to these employees, including embarrassment and invasion of their privacy. See Fed. R. Civ. P. 26(c)(1). Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it qualifies for

protection under the terms of this Stipulated Protective Order.

3. **DEFINITIONS**

    3.1. <u>Action</u>:  This pending federal lawsuit.

    3.2. <u>Defendant</u>:  The Party that designates information that it produces in disclosures or in responses to discovery as "Privacy Act" Information.

    3.3. <u>Discovery Material</u>:  material encompassed in this Protective Order that includes, without limitation, deposition testimony, deposition exhibits, interrogatory responses, admissions, affidavits, declarations, documents produced pursuant to compulsory process or voluntarily in lieu of process, and any other documents or information produced or given to one party by another party or by a third party in connection with discovery in this matter. Information taken from Discovery Material that reveals its substance shall also be considered Discovery Material.

    3.4. <u>Party</u>:  Any party to this Action.

    3.5. <u>"Privacy Act" Information</u>:  Information (regardless of how it is generated, stored or maintained) that is either covered by the Privacy Act or that contains personal information regarding individuals other than Plaintiff. This applies to documents which are encompassed by the Federal Rules requiring disclosure or are reasonably necessary or useful to respond to the Plaintiff's formal discovery, such as non-party employee disciplinary histories and other personal information.

    3.6. <u>Protected Material</u>:  Any Discovery Material that is designated as "Privacy Act" Information.

    3.7. <u>Plaintiff</u>:  The Party that receives Discovery Material from Defendant.

4. **SCOPE**

Information taken from Discovery Material that reveals its substance shall also be considered Discovery Material.

3

## 5. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect unless Defendant agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 6. DESIGNATING PROTECTED MATERIAL

6.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Defendant must take care to limit any designation of information as subject to this Stipulated Protective Order to specific material that qualifies under the appropriate standards.

6.2. <u>Manner and Timing of Designations</u>.

(a) All documents subject to this Protective Order shall be marked as follows: "Confidential: Subject to Privacy Act Protective Order in *Nathaniel Hampton v. Chad Wolf*, CV 19-10700 CBM (MAAx)."

(b) Deposition testimony that may contain Protected Material should be so designated by verbal notice or written notice within 10 days of receipt of the transcript. However, testimony containing Protected Material that is not designated, through mistake, nonetheless must be safeguarded against unauthorized disclosure.

6.3. <u>Inadvertent Failure to Designate</u>.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Defendant's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, Plaintiff and Plaintiff's counsel must

make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

7. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    7.1. <u>Timing of Challenges</u>.

    Plaintiff may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

    7.2. <u>Meet and Confer</u>.

    Plaintiff shall initiate the dispute resolution process, which shall comply with Local Rule 37.1 et seq., and with Section 4 of Judge Audero's Procedures ("Mandatory Telephonic Conference for Discovery Disputes").[1]

    7.3. <u>Burden of Persuasion</u>.

    The burden of persuasion in any such challenge proceeding shall be on the Defendant. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Plaintiff to sanctions. Unless the Defendant has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled until the Court rules on the challenge.

8. **ACCESS TO AND USE OF PROTECTED MATERIALS**

    8.1. <u>Basic Principles</u>.

    (a)    This Order applies to, governs, and directs the disclosure in the course of this action, under the Federal Rules of Civil Procedure, of all records which are either covered by the Privacy Act or otherwise contain personal information regarding individuals other than Plaintiff and which are encompassed by the Federal Rules requiring disclosure or are reasonably necessary or useful to respond to the Plaintiff's formal

---

[1] Judge Audero's Procedures are available at https://www.cacd.uscourts.gov/honorable-maria-audero.

discovery, such as non-party employee disciplinary histories and other personal information. This Order permits Defendant to meet its disclosure and discovery obligations by disclosing to Plaintiff or Plaintiff's attorneys those files and documents, or information from those files and documents, reasonably calculated to fulfill those obligations without requiring Defendant to pre-screen each document for Privacy Act objections and present those objections to this Court for a decision regarding disclosure.

 (b) Plaintiff may use Protected Material that is disclosed or produced by Defendant in connection with this Action only for prosecuting or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the Action reaches a final disposition, Plaintiff and Plaintiff's counsel must comply with the provisions of Section 11 below.

 (c) Protected Material must be stored and maintained by Plaintiff and Plaintiff's counsel at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

8.2. <u>Disclosure of "Privacy Act" Information</u>.

 (a) The records or the information obtained from the records described in section 8.1 shall be disclosed by Defendant only to Plaintiff and/or his attorney. Plaintiff and/or his attorney shall be allowed to copy any such records but shall not disclose them or any information obtained from them to any person unless such disclosure is reasonably calculated in good faith to aid the preparation or prosecution of litigation against Defendant. The right of access to such records shall be limited to the Court and its employees, Plaintiff, counsel for the parties, and paralegal, secretarial, and clerical personnel in their employ. Plaintiff and/or his attorney shall ensure that any person to whom disclosure may be made shall, prior to such

disclosure, be informed of the terms of this Order. Any person to whom such disclosure is made and who is aware of this Order shall be bound by the terms of this Order. Court reporters retained by the parties for purposes of recording depositions and who have signed a TSA-approved Non-Disclosure Agreement may also have access to this information. Protected Material may not be further disseminated except as described herein, including to a jury, except with written permission from Defendant.

(b) No person to whom a record covered by this Order is disclosed shall make a copy of the record unless copying reasonably promotes the preparation for and trial of this litigation. Neither Plaintiff, his attorney, nor any individual to whom they make disclosure shall disclose a record covered under this Order and information contained in or derived from such a record except for the purposes of preparing for and prosecuting this litigation.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If Plaintiff or Plaintiff's counsel learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, Plaintiff or Plaintiff's counsel immediately must (1) notify in writing the Defendant of the unauthorized disclosure(s), and (2) use its best efforts to retrieve all unauthorized copies of the Protected Material.

10. **MISCELLANEOUS**

10.1. Right to Further Relief.

Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

10.2. Right to Assert Other Objections.

This Order neither addresses nor overrules any objections to discovery made pursuant to the Federal Rules of Civil Procedure on any basis other than personal privacy.

10.3. <u>Filing Protected Material</u>.

Documents that are marked as subject to this Protective Order or, though not marked, contain information protected by this Protective Order, shall be treated as confidential and shall not be published or made available to the general public in any form (whether in paper or electronic form), but instead shall be filed under seal. Material filed under seal will be available only to the persons enumerated in Section 8.2(a). A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

10.4 <u>No Waiver</u>.

Nothing in this Order constitutes any decision by the Court concerning discovery disputes, the admission into evidence of any specific document, or liability for payment of any costs of production or reproduction, nor does the Order constitute a waiver by Defendant of his right to object to the discovery of or admission into evidence of any record or information subject to this Order. By consenting to this Order, neither party waives any of its positions respecting either the facts or the law applicable to this litigation.

10.5 <u>Disclosure to Court Personnel</u>.

Nothing in this Protective Order shall preclude any disclosure of documents subject to this Order to any Judge, Magistrate, or employee of the Court for purposes of this action.

## 11. FINAL DISPOSITION

All documents subject to this Protective Order in the possession of Plaintiff or Plaintiff's counsel shall be returned to TSA within 60 days of termination of this litigation, including any appellate proceedings, or shall be certified in writing to TSA to have been destroyed by Plaintiff or Plaintiff's counsel.

12. **VIOLATION**

Any violation of this Stipulated Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: January 12, 2021        /s/ Edward J. Blum

EDWARD J. BLUM
Attorney for Plaintiff,
Nathaniel Hampton

Dated: January 11, 2021        TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section, Civil Division

/s/ Alarice M. Medrano

ALARICE M. MEDRANO
Assistant United States Attorney

Attorneys for Defendant, Chad Wolf, Acting Secretary, United States Department of Homeland Security

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: January 12, 2021

MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

9